UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON MAE KING,

    Plaintiff,

v.                                                                  Case No. 13-13022
                                                                    Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S JUNE 4, 2014 REPORT & RECOMMENDATION [ECF NO. 12];(2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 8]; AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 10]</u>**

Plaintiff applied for Social Security benefits on October 19, 2010, alleging that she became disabled on June 1, 2004. She subsequently amended her alleged onset date of disability to January 14, 2002. The Social Security Administration denied Plaintiff's application for benefits initially. Upon Plaintiff's request, Administrative Law Judge Craig R. Petersen ("ALJ") conducted a de novo hearing on January 12, 2012. The ALJ issued a decision on February 1, 2012, finding Plaintiff not disabled within the meaning of the Social Security Act and therefore not entitled to benefits. The ALJ's decision became the final decision of the Social

Security Commissioner ("Commissioner") when the Social Security Appeals Council denied review. Plaintiff thereafter initiated the pending action.

Both parties have filed motions for summary judgment, which this Court referred to Magistrate Judge Charles E. Binder. In her summary judgment motion, Plaintiff raises only one challenge to the Commissioner's decision: "The Commissioner erred as a matter of law by forming an inaccurate hypothetical that did not accurately portray [Plaintiff's] impairments and by failing to properly evaluate all the medical records and opinions of evidence." (*Id*. at 6, capitalization removed.) More specifically, citing a number of cases, Plaintiff argues that the ALJ's hypothetical which limited her only to "simple, routine, and repetitive tasks" did not sufficiently portray her deficiencies. In her pleading, Plaintiff does not cite any specific medical evidence or record that she believes the ALJ failed to incorporate.

On June 4, 2014, Magistrate Judge Binder filed his Report and Recommendation (R&R) in which he recommends that the Court deny Plaintiff's motion for summary judgment and grant Defendant's motion. (ECF No. 12.) At the beginning of his analysis, Magistrate Judge Binder points out that "Plaintiff only generally alleges that the Commissioner failed to properly evaluate all the medical records and opinions of evidence," but "does not contest the ALJ's

assessment of any medical or opinion evidence." (*Id*. at 13, internal quotation marks and citations omitted.)  Magistrate Judge Binder then concludes that the ALJ's hypothetical was adequate based on the record evidence, finding no evidence that Plaintiff would require more limitations with regard to concentration, persistence, and pace than those contained in the ALJ's hypothetical.  (*Id*. at 16.)  In this regard, Magistrate Judge Binder distinguishes the cases cited by Plaintiff in her summary judgment motion.  (*Id*.)

At the conclusion of the R&R, Magistrate Judge Binder advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  Plaintiff filed objections to the R&R on June 17, 2014.  (ECF No. 13.)  Defendant responded to Plaintiff's objections on June 27, 2014.  (ECF No. 14.)  Plaintiff filed a reply brief on July 2, 2014.  (ECF No. 15.)

## **STANDARD OF REVIEW**

Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . . .

3

42 U.S.C. § 405(g) (emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

   The court reviews *de novo* the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id*. Moreover, "a claim raised for the first time in objections to a magistrate judge's report is deemed waived." *Swain v. Comm'r Soc. Sec'y*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (internal quotation marks and citations omitted); *see also Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000) ("[A] claimant must present all his claims squarely to the magistrate judge, that is, the

first adversarial forum, to preserve them for review.  To hold otherwise would allow a claimant to raise new claims to the district court and thus effectively have two opportunities for judicial review.")

## ANALYSIS

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim.  20 C.F.R. § 404.1520(a)(4).  If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further.  *Id*.  However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id*.  "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]."  *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).[1]

---

[1] The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since January 14, 2002.  (ECF No. 6-2 at Pg ID 46.)

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[2]

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3] *Id.*

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work.[4] 20 C.F.R.

---

[2]The ALJ concluded that Plaintiff has the following severe impairments: depression, abdominal and pelvic pain, degenerative disc disease of the lumbar and cervical spine, bilateral carpal tunnel syndrome, De Quervain's tenosynovitis, and obesity. (ECF No. 6-2 at Pg ID 46.) The ALJ specifically rejected the Plaintiff's claim of a severe pain disorder. (*Id.*)

[3]The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not. (ECF No. 6-2 at Pg ID 47-49.)

[4]The ALJ found that Plaintiff would have "the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with the following exceptions: she could lift and/or carry up to 10 pounds on an occasional basis; she required an option to alternate between sitting and standing at will; she could not perform overhead work; she could not perform forceful gripping, grasping, pushing, or pulling with the bilateral upper extremities; she could not be exposed to vibration, cold, heat, or wetness; she was limited to performing simple, routine, and repetitive tasks; she required work that involved simple, work-related decisions with few, if any, workplace changes; and she could only occasionally interact with co-workers, supervision, or the general public." (ECF No. 6-2 at Pg ID 49-54.) The ALJ concluded that Plaintiff could not perform any past relevant work with these limitations. (*Id.* at 54.)

    § 404.1520(a)(4)(iv).

5.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and past work experience to see if she can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find the claimant disabled.[5] *Id*.

Plaintiff raises two objections to Magistrate Judge Binder's R&R, although both relate to her claim in her summary judgment motion that the hypothetical posed by the ALJ was insufficient to encompass all of her limitations. (ECF No. 13.) For the first time, however, Plaintiff contends that specific medical evidence– a portion of the medical opinion provided by Michael Brady, Ph.D, L.P.– was not incorporated in the hypothetical and should have resulted in a residual functional capacity limiting Plaintiff's ability to complete tasks in a timely manner. (*Id*.) More specifically, Plaintiff argues that the hypothetical failed to incorporate Dr. Brady's opinion that "[a]s a result if [sic] her emotional state [Plaintiff] may often be distracted and her effectiveness and performance will likely be limited and slowed." (ECF No. 6-7 at Pg ID 421.)

As Magistrate Judge Binder indicated in his R&R, Plaintiff never contested

---

[5] The ALJ determined that considering Plaintiff's age, education, work experience, and residual functional capacity, there are a significant number of jobs in the national economy that Plaintiff could perform. (ECF No. 6-2 at Pg ID 54.) The ALJ therefore concluded that Plaintiff is not under a "disability" as defined in the Social Security Act. (*Id*. at Pg ID 54-55.) Magistrate Judge Binder found substantial evidence in the record to support this finding. (*See* ECF No. 12.)

the ALJ's assessment of any specific medical or opinion evidence in her summary judgment motion. (*See* ECF No. 8; ECF No. 12 at 3.) As such, Plaintiff waived the argument. *See Swain*, 379 F. App'x at 517-18; *see also Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citations omitted) (providing that "[c]ourts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.") In any event, Plaintiffs' objections lack merit.

The hypothetical posed by the ALJ at the administrative hearing limited Plaintiff inter alia to "simple, routine, and repetitive tasks" and "work that involved simple, work-related decisions with few, if any, workplace changes" and "only occasional[] interact[ion] with co-workers, supervision, or the general public." (ECF No. 6-2 at Pg ID 108; *see also id*. at Pg ID 52.) Plaintiff fails to demonstrate that more restrictive limitations were warranted based on Dr. Brady's opinion. Unlike the medical opinion in *Ealy v. Commissioner of Social Security*, 594 F.3d 504 (6th Cir. 2010), Dr. Brady's assessment did not include specific time and speed restrictions, much less such restrictions for when Plaintiff was restricted to simple repetitive tasks. *Id*. at 516 (noting medical opinion which "specifically

limited Ealy's ability to sustain attention to complete simple repetitive tasks to "two-hour segments over an eight-hour day where speed was not critical."); *see also, e.g., Despain v. Comm'r of Soc. Sec'y*, No. 13-14378, 2014 WL 6686770, at *13 (E.D. Mich. Nov. 26, 2014) (quoting *Webb v. Comm'r of Soc. Sec'y*, 368 F.3d 629, 632 (6th Cir 2004) ("While '[t]he hypothetical question . . . should include an accurate portrayal of [a claimant's] individual physical and mental impairments,' it need not contain a laundry list of all of his particularized conditions.").

Plaintiff fails to demonstrate that the limitations contained in Dr. Brady's assessment are not satisfied by the restrictions in the RFC. Moreover, Dr. Brady indicates that the limitations identified result from Plaintiff's "emotional state" (ECF No. 6-7 at 421); however, there was substantial evidence in the record to support the ALJ's finding that medication had improved her mental state.

For these reasons, the Court rejects Plaintiff's challenge to the hypothetical posed by the ALJ.

## Summary

The Court concludes that there was substantial evidence in the record to support the ALJ's evaluation of Plaintiff's impairments. The Court therefore adopts Magistrate Judge Binder's recommendation to deny Plaintiff's motion for summary judgment, grant Defendant's motion for summary judgment, and affirm

the decision of the Commissioner finding that Plaintiff is not disabled within the meaning of the Social Security Act.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant's motion for summary judgment is **GRANTED**.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 22, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 22, 2015, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager
